ROBERT OLIVER and MARY L. OLIVER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oliver v. Commissioner
Docket No. 862-74.
United States Tax Court
T.C. Memo 1975-128; 1975 Tax Ct. Memo LEXIS 246; 34 T.C.M. (CCH) 606; T.C.M. (RIA) 750128; May 6, 1975, Filed Robert J. Tyrrell, for the petitioners. Harris J. Belinkie, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Pursuant to Rule 72, Tax Court Rules of Practice and Procedure, respondent filed on February 20, 1975, a motion for an order compelling petitioners to produce for examination and copying the following documents: 4) All journals, ledgers, memoranda, summaries, correspondence, checks, receipts, etc. for all amounts spent by Robert Oliver for promotion, entertainment, travel and meeting expenses for the year 1970. On January 9, 1975, respondent served on counsel for petitioners a request for the production of the documents and on February 10, 1975, petitioners served on respondent a response to the request which reads in pertinent part: With respect to the journals, *247 ledgers, memoranda, summaries, correspondence, checks, receipts, etc., for all amounts spent by Robert Oliver for promotion, entertainment, travel and meeting expense for the year 1970, Petitioners further object to the production of such documents on the ground that Petitioners' representative, on May 13, 1974, requested the National Office of the Internal Revenue Service to review and investigate the circumstances surrounding the issuance of a Statutory Notice of Deficiency with respect to the Petitioners' 1970 income tax liability and to determine if such issuance would result in a second inspection of the Petitioners' books of account for 1970 in violation of Section 7605(b) of the Internal Revenue Code and Section 301.7605-1(b) of the Treasury's Regulations thereunder. Petitioners were thereafter advised that the matter was referred to the Director, Internal Security Division, and that the Director would advise Petitioners' representative directly of the result of such investigation and review; however, neither the Petitioners' representative, nor the Petitioners, have yet received any official notification from the Director *248 as to the results of such investigation and review. Petitioners therefore object to the production of the documents requested with respect to the year 1970 because such production would result in a second inspection of the Petitioners' books of account for such year. The pertinent facts may be summarized as follows: On February 2, 1972, Revenue Agent Harold Boyd began conducting an audit of petitioners' Federal income tax return for 1970. It lasted several hours with petitioner Robert Oliver, his attorney, and his secretary-bookkeeper being present. Mr. Boyd reviewed ledgers, journals, and other books and records. At the end of the day Mr. Boyd stated that he was satisfied from his review of the data that the income reported on the 1970 return was correct and that the return would be accepted as filed. Petitioners did not receive any written notification from the District Director of Internal Revenue to that effect. On September 15, 1972, petitioners' attorney received a telephone call from Revenue Agent Art Belton, who was assigned to audit the 1970 and 1971 returns. Mr. Mooers, the attorney, was told that Revenue Agent Boyd had left the service. Petitioners refused to let Mr. Belton *249 examine their books and records for 1970 on the ground that they had been previously inspected and could not be inspected again without a written notice that an additional inspection was necessary. They claimed that section 7605(b), [1] Internal Revenue Code of 1954, was applicable. Thereafter, on November 12, 1973, respondent sent a statutory notice of deficiency to petitioners for the years 1970 and 1971. The notice of deficiency disallowed the entire amount of travel, promotion, and entertainment expenses claimed by Robert Oliver on the 1970 return. On February 5, 1974, petitioners filed their petition in this proceeding alleging errors with respect to the adjustments for both years. Respondent filed his answer on March 12, 1974. *250 Petitioners contend that we should deny respondent's motion for an order compelling the production of the documents for the year 1970 because "such action is arbitrary, unreasonable and unfair, as well as being totally inconsistent with the intent and spirit of Section 7605(b)." They argue that there was a full and complete inspection and audit of their 1970 income tax return by Mr. Boyd, and that the production of the documents requested by respondent would effect an unnecessary additional inspection of their books and records for that year. We reject petitioners' arguments. They lack merit for several reasons. First, we think the examination or investigation by Mr. Boyd was not completed and closed because the taxpayers had not been notified in writing of an adjustment of their tax deficiency for 1970 or the acceptance of the return as filed. See Rev. Proc. 64-40, 1964-2 C.B. 971. Another agent, Mr. Belton, completed the investigation. Thus, there was a continuing investigation. Cf. Frank X. Kilgannon,T.C. Memo. 1971-325; United States v. Crespo,281 F. Supp. 928, 934 (D. Md. 1968). Second, we do not discern any abuse of *251 section 7605(b) since the petitioners never relinquished their 1970 records to the successor agent, Mr. Belton. A second inspection was not in fact made. See United States Holding Co.,44 T.C. 323, 327-328 (1965); Credit Bureau of Erie, Inc.,54 T.C. 726, 729 (1970). Third, in these circumstances section 7605(b) does not restrict the Tax Court's authority under its Rules of Practice and Procedure to permit the discovery of all relevant and unprivileged matters which may be needed in the trial of this case. Cf. Raymond Greenberg,62 T.C. 331, 343 (1974), on appeal 4th Cir., where this Court concluded that a subpoena duces tecum requesting books and records for use at trial did not amount to a second examination within the purview of section 7605(b). We see no significant difference between a subpoena duces tecum under Rule 147(b) and a request for documents under Rule 72. Fourth, petitioners' production of documents under Rule 72 does not constitute an "unnecessary examination." The documents are needed and should be produced. See Rules 70(b) and 91(a). We emphasize that the purpose of section 7605(b) is to relieve the taxpayer *252 of unnecessary annoyance, which is not present here, rather than to import invalidity or arbitrariness to respondent's deficiency determination. In the language of United States v. Powell, 379 U.S. 48, 56 (1964), such action would "substantially overshoot the goal which the legislators sought to attain." Accordingly, we will grant the motion for an order compelling petitioners to produce the documents set forth in Item 4 of respondent's request. An appropriate order will be entered.
Footnotes
1. Restrictions on Examination of Taxpayer.--No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.↩